**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CLAUDE GRAYWOLF McCLAIN** | § | |
| **#81041-280** | § | |
| | § | |
| **V.** | § | **A-15-CA-080-SS** |
| | § | |
| **HONORABLE JUDGE LEE YEAKEL,** | § | |
| **HONORABLE JUDGE MARK LANE,** | § | |
| **JOE E. SANCHEZ, and** | § | |
| **GERADO LUNA** | | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint.  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403  U.S. 388 (1971), Plaintiff was confined in the Federal Correctional Institution in Littleton, Colorado.  Upon his release from prison, Plaintiff does not want to return to Austin, Texas, because he no longer has any family ties in Austin.  Plaintiff previously filed a lawsuit explaining he wanted to be released to either Missouri or Arizona.  See McClain v. Sanchez, No. A-

14-CV-962-LY (W.D. Tex.).  Now Plaintiff requests to be transferred to Arizona or be given $80,000 from each of the named defendants.  After Plaintiff filed his complaint, his release plan was approved, allowing Plaintiff to be released to Missouri to reside with his sister.

DISCUSSION AND ANALYSIS

A.    Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible . Haines v. Kerner, 404 U.S. 519 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets."  Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.    Bivens Claims

Plaintiff files his complaint pursuant to Bivens.  In Bivens, the Supreme Court held that an individual injured by a federal agent's alleged violation of the individual's constitutional rights may bring an action for damages against the agent, providing deterrence against and relief for the deprivation of federally guaranteed rights caused by a person acting under color of federal law. Bivens, 403 U.S. 388.  Bivens mirrors 42 U.S.C. § 1983, which applies to a person acting under color of state law.  Izen v. Catalina, 398 F.3d 363, 367 n. 3 (5th Cir. 2005).  Thus, to state a Bivens

2

claim, Plaintiff must allege sufficient facts to establish that the defendants are federal actors and that the defendants, while acting under color of federal law, violated Plaintiff's rights under the Constitution or laws of the United States.  Id.

Bivens provides a cause of action against federal agents only in their individual capacities and requires a showing of personal involvement.  Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999); Cronn v. Buffington, 150 F.3d 538, 544 (5th Cir. 1998). A plaintiff cannot obtain damages or injunctive relief from a policy-maker or supervisor solely on a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"); Monell v. Department of Social Servs., 436 U.S. 658, 691–95 (1978) (supervisory officials cannot be held vicariously liable under § 1983 for their subordinate's actions). Supervisory officials may be held liable only if they affirmatively participate in acts that cause the constitutional deprivation or if they implement unconstitutional policies that cause the plaintiff's injury.  Thompkins v. Belt, 828 F.2d 298, 303–04 (5th Cir. 1987).

As explained in Cause No. A-14-CV-962-LY, Plaintiff sues the Chief of Probation and the Deputy Chief of Probation of the Western District of Texas.  However, he does not allege either were personally involved in the development of his pre-release plan.  Because Plaintiff appears to sue Defendants Sanchez and Luna in their supervisory capacities only, his claims against them should be dismissed.

C.    Judicial Immunity

Judges Yeakel and Lane are entitled to absolute immunity for any acts performed as a judge. It is well settled law that a judge enjoys absolute immunity from liability for damages for judicial

acts performed within his jurisdiction.  Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986).  The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. Mireless v. Waco, 502 U.S. 9, 11 (1991).  Motive of the judicial officer is irrelevant when considering absolute immunity.  See Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction.  Mireless, 502 U.S. at 11-12. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'"  Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994) (quoting Mireless, 502 U.S. at 12).

In the case at bar, Plaintiff does not complain of any actions taken by Judges Yeakel and Lane that were nonjudicial in nature nor does he show that they were acting in the clear absence of all jurisdiction.  Rather, Plaintiff merely names them as defendants, because they presided over his previously filed lawsuit in Cause No. A-14-CV-962-LY and his criminal case in Cause No. A-11-CR-391-LY.  Accordingly, Plaintiff's claims for monetary damages against Judges Yeakel and Lane are barred by absolute immunity and should also be dismissed.

D.    No Constitutional Violation

Moreover, as previously explained to Plaintiff, regardless of the defendants he sues, Plaintiff fails to establish a violation of his constitutional rights.  Essentially, Plaintiff argues he has a

constitutional right to a particular release plan prior to his release from the Bureau of Prisons. Plaintiff demands to be supervised by the United States Probation Office in Arizona, not Texas. However, Plaintiff provides no authority in support of his position, and the Court has found none.

There is no constitutional right to be housed in a particular prison. Olim v. Wakinekona, 461 U.S. 238, 244–46 (1983).  Likewise, there is no right to placement in any particular pre-release program.  See Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 (10th Cir.1992); see also Galati v. Federal Bureau of Prisons, No. Civ. A. 05-3241, 2005 WL 2129645, *5 (D.N.J. Aug.31, 2005) ("Petitioner is not entitled under § 3624(c) to serve the last six months of his term of imprisonment in a CCC or home confinement").  It stands to reason Plaintiff has no constitutional right to a particular release plan regarding where he will serve his term of supervised release after he is released from the Bureau of Prisons.

Plaintiff contends he is a victim of racial discrimination.  However, his contention is conclusory and unfounded.  In addition, Plaintiff's release plan has now been approved, allowing him to be released to Missouri, where his sisters reside.  Rather than acting patiently while prison and probation officials worked on a suitable release plan, Plaintiff filed a string of frivolous civil lawsuits and motions in his criminal case.  Hopefully, this is not an indicator as to how Plaintiff will fare on supervised release.

<u>RECOMMENDATION</u>

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in

(a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

<u>OBJECTIONS</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(en banc); <u>Thomas v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of March, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE