FILED

IN THE UNITED STATES DISTRICT COURT 31  PM 12: 04
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION          CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
                DEPUTY

CLAUDE GRAYWOLF McCLAIN #81041-280,
                    Plaintiff,

-vs-                                                    Case No.  A-15-CA-80-SS

HONORABLE   JUDGE   LEE   YEAKEL,
HONORABLE JUDGE MARK LANE, JOE E.
SANCHEZ, and GERADO LUNA,
                    Defendants.

_____

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Claude Graywolf McClain's Complaint [#1] and the Report and Recommendation of United States Magistrate Judge [#6].  McClain filed no objections to the Report and Recommendation.  Having considered the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders DISMISSING McClain's complaint WITH PREJUDICE.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.  McClain is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections.  28 U.S.C. § 636(b)(1).  All other review is for plain error.  *Starns v. Andrews*, 524 F.3d 612, 617 (5th

Cir. 2008). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

Plaintiff Claude Graywolf McClain is presently incarcerated in the Englewood Federal Correctional Institution in Littleton, Colorado. When released from prison, McClain does not want to return to Austin, Texas, as he has no remaining family ties in Austin and is concerned he will become homeless if placed in Austin.

This is the second lawsuit concerning this matter McClain has filed in the Western District of Texas; in his first action, McClain requested he be released either in Tucson, Arizona or Missouri, as he has family in both locations. *See* Compl. [#1], *McClain v. Sanchez*, No. A-14-CV-962-LY (W.D. Tex. 2014). In *McClain*, the Honorable Lee Yeakel accepted United States Magistrate Judge Mark Lane's Report and Recommendation dismissing McClain's complaint with prejudice.

In the present suit, McClain requests either release in Arizona or $80,000 from each Defendant. According to the Report and Recommendation, after McClain filed his complaint, his requested release plan was approved, allowing McClain to be placed in Missouri to reside with his sister.

## Analysis

McClain's complaint, filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleges Defendants have discriminated against him and "plac[ed] [his] life in total endangerment" by "forc[]ing" him to return to Austin after he is released from prison. McClain sues: Judge Yeakel, who dismissed McClain's first lawsuit concerning his release location; Judge Lane, who wrote the Report and Recommendation recommending dismissal

in McClain's first lawsuit; Joe E. Sanchez, Chief Probation Officer of the Western District of Texas; and Gerardo Luna, Deputy Chief of Probation of the Western District of Texas. As set forth below, the Court finds McClain's action should, once again, be dismissed with prejudice.

## I.    Legal Standard—28 U.S.C. § 1915(e)

As McClain is proceeding *in forma pauperis*, his complaint may be dismissed at any time if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). The Court must construe McClain's pro se complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). McClain's pro se status, however, does not create an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## II.   Application

## A.    Judicial Immunity

Judges Yeakel and Lane are entitled to absolute immunity for any acts performed in their judicial role. *See, e.g.*, *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991); *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986) (noting absolute judicial immunity is "hornbook law, settled in our jurisprudence for over a century"). Absolute judicial immunity protects judges not only from liability for damages, but also from suit itself. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). A judge may be held liable for damages in only two circumstances: first, where the actions complained of were non-judicial; and second, where the actions complained of, though judicial in nature, were "taken in the complete absence of all jurisdiction." *Id.*

Here, McClain neither complains of any actions taken by Judge Yeakel and Judge Lane which were non-judicial in nature, nor alleges Judges Yeakel and Lane were acting "in the complete absence of all jurisdiction." Rather, McClain appears to have added them as defendants because he was dissatisfied with the outcome of his first lawsuit. Accordingly, McClain's claims against Judges Yeakel and Lane are barred by absolute judicial immunity and must be dismissed.

**B.**     ***Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics***

Under *Bivens*, a person injured by a federal agent's violation of the person's constitutional rights may bring an action for damages against the agent. *Bivens* actions, which provide relief for deprivation of rights caused by a person acting under color of federal law, parallel 42 U.S.C. § 1983 actions, which provide relief for deprivation of rights caused by a person acting under color of state law. *Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005).

*Bivens* provides a cause of action against federal agents only in their individual capacities, and thus requires a showing of personal involvement. *See Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998) ("[P]ersonal involvement in the acts causing the deprivation of a person's constitutional rights creates personal liability [in *Bivens* actions].").  There is no doctrine of respondeat superior in *Bivens* actions, and a supervisory official may be held liable only if he is personally involved in the acts causing a deprivation of rights or implements an unconstitutional policy. *Id.*

Defendants Sanchez and Luna, Chief Probation Officer and Deputy Chief of Probation, respectively, are supervisory officials whom McClain appears to sue in their supervisory capacities. McClain does not allege Sanchez and Luna were personally involved in the previous plan to release McClain in Austin.  Further, McClain does not allege Sanchez and Luna have implemented any

-4-

unconstitutional policy.  Accordingly, McClain fails to state a *Bivens* claim as to Sanchez and Luna, and McClain's claims against both must be dismissed.

## C.    No Constitutional Violation

Finally, the Court agrees with the Magistrate Judge that regardless of the defendants McClain sues, McClain has alleged no violation of his constitutional rights.  Even were McClain to be released to Austin, Texas (rather than Missouri, one of the two locations he requested and where he will now be released), that would not constitute a violation of his constitutional rights.  There is no constitutional right to be confined in any particular prison, *Olim v. Wakinekona*, 461 U.S. 238, 244–46 (1983), nor a right to placement in any particular pre-release program, *see Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 469 (10th Cir. 1992).  Accordingly, it stands to reason McClain has no constitutional right to a particular release plan releasing him to a certain location during his term of supervised release.

As for McClain's racial discrimination claim, the Court finds it is conclusory, unsupported, and, to the extent alleged, should be dismissed.

## Conclusion

As previously noted, McClain's release to Missouri to live with his sister was approved after McClain filed this lawsuit.  The Court shares the Magistrate Judge's concerns regarding the portent, in terms of McClain's performance while on supervised release, of his choice to file two meritless lawsuits rather than wait while Bureau of Prisons and Probation Office officials created his release plan and processed his placement request.  In any event, the Court finds this suit as frivolous as the last, and dismisses it accordingly.

The Court advises McClain if he files more than three actions or appeals while he is in custody which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

The Court further cautions McClain filing or pursuing any further frivolous lawsuits, similar to the one dismissed here, may result in serious sanctions or penalties, specifically: (1) the imposition of court costs pursuant to § 1915(f); (2) the imposition of significant monetary sanctions pursuant to FED. R. CIV. P. 11; (3) the imposition of an order barring him from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (4) the imposition of an order imposing some combination of these sanctions.

The Court finally warns McClain for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice—upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision—is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. TEX. GOV'T CODE § 498.0045.

Accordingly,

IT IS ORDERED that the Report and Recommendation [#6] of United States Magistrate Judge Andrew W. Austin is ACCEPTED; and

IT IS FINALLY ORDERED that Plaintiff Claude Graywolf McClain's Complaint [#1] is DISMISSED WITH PREJUDICE as frivolous pursuant to 28 U.S.C. § 1915(e).

SIGNED this the 31st day of March 2015.


_Sam Sparks_
SAM SPARKS
UNITED STATES DISTRICT JUDGE

080 rr ok ba.frm